John S. Razor, OSB # 96022
John@JohnRazor.com
Law Office of John S. Razor
659 Cottage Street NE
Salem, Oregon 97301
(503) 362-5600
Fax (503) 362-3292
Attorney for Plaintiff Angelina Vargas

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELINA VARGAS, <br><br> Plaintiff, <br><br> vs. <br><br> OPEN ARMS ADULT FOSTER HOME, Inc., an Oregon Corporation, <br><br> Defendant. | No. 08-6263-TC <br><br> **COMPLAINT** <br><br> (FLSA – Minimum Wage (29 USC § 206); <br> FLSA - Overtime (29 USC § 207); <br> State Wage Claim (ORS 652.150)) <br><br> **JURY TRIAL DEMANDED** |

## GENERALLY

Plaintiff alleges:

1.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

Page 1 –Complaint

OR x 60003599

2.

At all times material herein, Plaintiff was a resident of Marion County, Oregon. Plaintiff was employed at Defendant's Marion County facility.

3.

At all times material herein, Defendant was an Oregon corporation registered in Oregon as a domestic business corporation conducting regular and sustained activities in Marion County, Oregon. Defendant is engaged in interstate commerce. Defendant utilizes out-of-state supplies in its day-to-day operations, and relies on out-of-state vendors in conducting its operations.

5.

All conditions precedent to jurisdiction have occurred.

6.

Defendant employed Plaintiff, from March of 2005 until August 17, 2006.

FIRST CLAIM FOR RELIEF
(29 USC § 206 - Failure to Pay Federal Minimum Wage)

For her First Claim for Relief, Plaintiff alleges:

7.

Plaintiff alleges and realleges paragraphs 1 through 6, and paragraphs 14 through 24, and incorporates the same herein, as applicable.

8.

For the duration of Plaintiff's employment Defendant paid Plaintiff a salary of $1250 per month. In addition, Defendant provided Plaintiff food and lodging.

Plaintiff's compensation was less than the federal minimum wage on several occasions throughout her employment.

9.

Plaintiff estimates unpaid minimum wages in the amount of $1,972.40. Plaintiff reserves the right to amend such claim of damages after the conclusion of discovery.

10.

Plaintiff was not exempt from coverage of minimum wage laws during the period alleged herein.

11.

Defendant's failure to pay minimum wages was willful. Plaintiff is entitled to liquidated damages in an amount equal to the unpaid minimum wages, pursuant to 29 U.S.C. § 216 (b).

12.

Plaintiff is entitled to an award of reasonable attorney fees, pursuant to 29 U.S.C. § 216 (b).

13.

Plaintiff is entitled to costs and disbursements, pursuant to 29 U.S.C. § 216 (b)

SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime Wages)
(29 U.S.C. § 207)

For her Second Claim For Relief Plaintiff alleges:

14.

Plaintiff realleges and alleges paragraphs 1 through 13, and 21 through 24, and incorporates them by reference as if fully set forth herein, as applicable.

Page 3 –Complaint

Law Office of John S. Razor
659 Cottage Street NE
Salem, Oregon 97301
(503) 362-5600
(503) 362-3292 FAX

15.

During the three years preceding the filing of this action, Plaintiff in excess of 40 hours per week on numerous occasions throughout her employment. Plaintiff estimates unpaid overtime in the amount of $9,093.20. Plaintiff reserves the right to amend such claim of damages after the conclusion of discovery.

16.

Plaintiff is entitled to overtime wages at a rate equal to on and one half times her regular rate of pay. Plaintiff's regular rate of pay should be at least the federal minimum wage rate ($5.15/hr). Inasmuch, Plaintiff's overtime wage rate should be no less than $7.73, or such greater amount is determined through discovery or at trial.

17.

Plaintiff was not exempt from coverage of federal overtime laws during the period alleged herein.

18.

Defendant's failure to pay overtime wages was willful. Plaintiff is entitled to liquidated damages in an amount equal to the unpaid overtime wages, pursuant to 29 U.S.C. § 216 (b).

19.

Plaintiff is entitled to an award of reasonable attorney fees, pursuant to 29 U.S.C. § 216 (b).

20.

Plaintiff is entitled to costs and disbursements, pursuant to 29 U.S.C. § 216 (b)

Page 4 –Complaint

## THIRD CLAIM FOR RELIEF
(Failure to Pay Compensation in a Timely Manner - ORS 652.140)

For Her Third Claim For Relief, Plaintiff alleges:

21.

Plaintiff realleges and alleges paragraphs 1 through 20, and incorporates them by reference as if fully set forth herein, as applicable.

22.

In September 2006 Plaintiff made demand for all wages due and payable. Despite Plaintiff's demand, Defendant willfully failed to pay all compensation due and payable within the time allowed by ORS 652.140(1). The wages due Plaintiff total approximately $23,367.20 in unpaid minimum wage compensation, unpaid overtime compensation, penalty wages, and liquidated damages.

23.

Plaintiff made demand of all wages due and owing, pursuant to ORS 652.150 and ORS 652.200, at least twelve days prior to initiating this action. Based on Defendant's non-payment of wages, and pursuant to ORS 652.150, Plaintiff is entitled to penalty wages in an amount equal to thirty (30) days' wages.

24.

Plaintiff obtained the assistance of an attorney to secure his statutory rights. Therefore, Plaintiff is entitled to an award of reasonable attorney fees pursuant to ORS 652.200(2). Plaintiff is entitled to costs and disbursements, pursuant to ORCP 68 B

Law Office of John S. Razor
659 Cottage Street NE
Salem, Oregon 97301
(503) 362-5600
(503) 362-3292 FAX

Page 5 –Complaint

and FRCP 54, and, pre- and post-judgment interest, pursuant to ORS 82.010, and federal law.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) Economic damages in the form of:

    i) Minimum wages due and owing Plaintiff, in the amount of $1,972.40, or such other amount as is proven at trial, pursuant to 29 U.S.C. § 206

    ii) Overtime wages due and owing Plaintiff, in the amount of $9,093.20, or such other amount as is proven at trial, pursuant to 29 U.S.C. § 207;

    iii) Pre- and post-judgment interest pursuant to ORS 82.010;

    iv) Liquidated damages, in the amount equal to Plaintiff's unpaid minimum wages, or such other amount as is proved at trial, pursuant to 29 U.S.C. § 216 (b);

    v) Liquidated damages, in the amount equal to Plaintiff's unpaid overtime wages, or such other amount as is proved at trial, pursuant to 29 U.S.C. § 216 (b);

    vi) Statutory penalty wages pursuant to ORS 652.150 in an amount equal to 30-day's pay;

(c) Reasonable attorney fees pursuant to 29 U.S.C. § 216(b) and ORS 652.200;

Page 6 –Complaint

d) Costs and disbursements, pursuant to 29 U.S.C. § 216(b), FRCP 54, and ORCP 68;

e) Pre and post-judgment interest pursuant to ORS 82.010 and federal law;

f) For such other and further relief as this Court deems just and equitable.

**Plaintiff hereby demands a jury trial.**

DATED this ___18th___ day of ___August___, 2008.

                Law Office of John S. Razor

                By_____
                John S. Razor, OSB 96022
                Trial Attorney: Same
                Of Attorneys for Plaintiff

Law Office of John S. Razor
659 Cottage Street NE
Salem, Oregon 97301
(503) 362-5600
(503) 362-3292 FAX

Page 7 – Complaint