FILED'10 APR 06 11:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANGELINA VARGAS, | ) |
| | ) |
| Plaintiff, | )   Case No. 08-6263-TC |
| | ) |
| v. | )   ORDER of DEFAULT and ) |
| | DEFAULT JUDGMENT |
| | ) |
| OPEN ARMS ADULT FOSTER HOME, Inc.; | ) |
| an Oregon corporation, | ) |
| | ) |
| Defendant. | ) |

Upon Angelina Vargas' (plaintiff) renewed[1] motion [#14], this court hereby grants plaintiff's motion and enters an order of default against defendant Open Arms Adult Foster Home, Inc.,

---

[1] A previous entry of default [#6] was entered in this matter on January 8, 2009 and plaintiff's motion for entry of judgment was denied without prejudice on June 22, 2009 [#11] because it lacked necessary supporting materials.

1 - ORDER

(Open Arms).

Pursuant to Fed.R.Civ.P. 55(b), plaintiff also moves for entry of default judgment against the defaulted defendant, Open Arms. [#14]. Plaintiff seeks unpaid straight time and overtime wages, penalties pursuant to ORS 652.150 and liquidated damages pursuant to 29 U.S.C. § 216(b), and attorney fees and costs pursuant to 29 U.S.C. §216(b) and ORS 652.200 as set forth in plaintiff's cost bill. [#15].

Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). This includes questions of fact relating to whether a party acted willfully or intentionally. *Santiago v. Tamarack Tree Co.*, 2007 WL 3171159,*2 (D.Or)(unpublished). The court is not required to make detailed findings regarding liability. *Fair Housing of Marin v. Combs*, 285 F.3d 889, 906 (9th Cir. 2002).

The factual allegations in plaintiffs' complaint here taken as true, establish that:

1. Open Arms Adult Foster Home (defendant) was plaintiff's employer as defined by the Fair Labor Standards Act (FLSA);
2. plaintiff was employed by defendant, an Oregon corporation conducting regular activities in Marion

          County, Oregon and engaged in interstate commerce by utilizing out-of-state supplies in its day-to-day operations, from March 2005 until August 17, 2006;

3. defendants promised Angelina Vargas that she would be paid at a rate of $1200.00 per month and that she would be provided room and board valued at $900.00 per month and utilities valued at $400.00 per month;

4. defendant willfully and intentionally, in violation of the federal Fair Labor Standards Act (FLSA) and Oregon statutes, failed to pay plaintiff for straight time and overtime that she worked, upon termination of her employment;

5. defendant did not pay plaintiff's wages within five days of the termination of her employment; and

7. despite a written demand from plaintiff for her unpaid wages, defendant has failed to pay her all of her wages owed. [#1].

By virtue of defendant Open Arm's default and based upon these facts, the court finds defendant liable on plaintiff's claims for violation of the FLSA (29 U.S.C. §§ 206 & 207), and ORS §§ 652.140(1).

    Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

3 - ORDER

1986). Additionally, late payment of wages due, triggers penalty assessments under both Oregon law and FLSA. *Biggs v. Wilson*, 1 F.3d 1537, 1544 (9th Cir. 1993).

In this case, resolution on the merits is not possible, because defendants have not appeared. However, the allegations of plaintiffs' complaint do state claims upon which relief may be granted. As a result of defendants' non-appearance, there are no disputed issues of fact and nothing suggests that the default is the result of excusable neglect. I therefore find that default judgment is appropriate.

It is well established in the Ninth Circuit that a claim is a "sum certain" when there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *Franchise Holding II, LLC v. Huntington Restaurants Group* Inc., 375 F.3d 922, 928-29 (9th Cir. 2004)(citation omitted). However, even in cases without a "sum certain," a formal court hearing to determine the sum owed is not required in every case. The hearing may be conducted through affidavits or declarations and the court may base its judgment on those documents. See e.g., *David v. Fender*, 650 F.2d 1154, 1161-62 (9th Cir. 1981)(affirming default judgment with damages based on documentary evidence).

Fed.R.Civ.P. 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court which may rely on detailed affidavits or documentary evidence to

4 - ORDER

evaluate damages. *Santiago v. Tamarack Tree Co.,* 2007 WL 3171159 (unpublished)(citing *Fostok v. Conticommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)). I find there is now sufficient documentation in the record to make a damage determination without a hearing.

Plaintiffs have submitted copies of the Department of Labor (DOT) forms [#15-Ex. B], and employment contract [#15-Ex. A], which she has signed and which she claims accurately shows the hours she has worked, her promised wage rate and the amount of wages actually paid in this matter. [#15-Exs. A; B].

Plaintiff's requested damages are therefore calculated as follows:

a) Unpaid minimum wage

| | |
|---|---|
| Wages earned | $ 14,214.00 |
| Wages paid | <$ 12,241.60> |
| Total minimum wages owed | $ 1,972.40 |

b) Unpaid overtime wages

| | |
|---|---|
| Wages earned | $ 21,334.80 |
| Wages paid | <$ 12,241.60> |
| Total overtime wages owed | $ 9,093.20 |

c) Statutory Damages

| | |
|---|---|
| ORS 652.150 penalty | $ 1,236.00 |
| 29 U.S.C. § 216(b) | $ 11,065.60 |
| Total damages | $ 12,301.60 |

Total damages plus wages owed      **$ 23,367.20**

Attorney fee awards are available to an employee who obtains a judgment in a wage claim in order to make the employee whole.

5 - ORDER

*Glaspey v. Workman,* 749 P.2d 1043, 1083 (Mont. App 1988). That fee award must be based upon competent evidence. *Kuhr v. City of Billings,* 338 Mont 402, 418 (Mont. App. 2007).

Plaintiff's attorneys, while neglecting to submit an affidavit detailing their individual levels of experience in this area of the law, did submit a complete and detailed time sheet in support of their request for attorney and paralegal fees. [#16-Ex.A]. Mr. Razor appears to have approximately 14 years of experience and Mr. Dablow appears to have approximately 3 years of experience[2]. Their requested rates are $200.00 and $150.00 per hour respectively for a total of $3,220.00. Based on the Oregon Bar Association's 2008 economic survey, I find the requested fees are reasonable rates for attorneys practicing in Marion County with their respective years of experience. Based on recent decisions in this court, I find that the requested paralegal fee of $50.00 per hour (for a total of $320.00), is similarly reasonable. See e.g., *Key Bank Nat. Ass'n v. Van Noy,* 598 F.Supp. 1160, 1165 (D.Or. 2009).

While plaintiff again neglected to submit any proof (such as copies of receipts or checks) of her costs, I find the amounts requested similarly reasonable and hereby award total fees of $3,540.00 and costs in the amount of $389.37 for a total cost

---

[2]   The court gleaned these years of experience from the respective attorney's bar numbers.

6 - ORDER

award of $3,929.37.

Based on the foregoing, a default judgment is hereby entered for plaintiffs as follows:

1. Plaintiff Angelina Vargas is awarded a money judgment for which defendant Open Arms Adult Foster Home Inc., 1570 Aztec Dr., Woodburn, Oregon, 97071, is liable, in the amount of $ 27, 296.57.

### Conclusion

Based on the foregoing, plaintiff's motion for default judgment [#14] is granted.

A money judgment is hereby entered against defendant, Open Arms Adult Foster Home Inc., in the amount of **$ 27, 296.57**.

IT IS SO ORDERED.

DATED this 6th day of April, 2010.

_Michael R. Hogan_
United States District Judge

7 - ORDER